Mark George **WHITFIELD**,
Appellant (Defendant),

v.

**STATE** of Wyoming, Appellee
(Plaintiff).

No. 89–59.

Supreme Court of Wyoming.

Oct. 26, 1989.

914

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Mike Cornia, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., Hugh Kenny, Asst. Atty. Gen., for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

Tandem claims of abuse of discretion in imposing sentencing encompass the only issues in this appeal. Mark George Whitfield (Whitfield) first asserts that the trial judge refused to consider probation when imposing sentence, thereby committing an abuse of discretion. Whitfield also contends that the sentence imposed of not less than three nor more than five years constituted an abuse of discretion. Our review of the record convinces us that the trial judge appropriately considered, and rejected, probation as a sentencing option and, further, there was no abuse of discretion with respect to the term imposed. The judgment and sentence is affirmed.

Whitfield stated the issue in his Brief of Appellant in this way:

"Whether the trial court's refusal to consider probation and subsequent sentence to three to five years incarceration was an abuse of discretion."

The State of Wyoming submitted a counterstatement of the issue that is substantially identical to the articulation by Whitfield. Whitfield did not submit extensive argument in his brief with respect to the length of the sentence but, because he framed the issue in the way that he did and alluded to the length of the sentence in his argument, we do address the question of whether this sentence amounted to an abuse of discretion under the circumstances. Whitfield was charged with aggravated vehicular homicide in violation of §§ 31-5-233 and 6-2-106(b)(i), W.S.1977. After waiving a preliminary examination, he initially entered a plea of not guilty in the district court. Whitfield filed a motion to suppress both the report of a blood alcohol test that was accomplished about an hour after the accident in question and some statements that he made to an investigating highway patrolman. After an adverse ruling on his motion to suppress, Whitfield changed his plea to guilty, and he was sentenced to a term of not less than three nor more than five years in the Wyoming State Penitentiary.

Section 31-5-233, W.S.1977 (1988 Cum. Supp.), on April 2, 1988, the date of the offense, provided, in pertinent part:

"(a) It is unlawful for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle,

to drive or have actual physical control of any vehicle within this state.

"(b) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath or other bodily substance shall give rise to the following presumptions:

\* \* \* \* \* \* \*

"(iii) If there was at that time ten one-hundredths of one percent (0.10%) or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle; \* \* \*."

Section 6-2-106, W.S.1977 (June 1988 Repl.), provided, in pertinent part:

"(b) A person is guilty of aggravated homicide by vehicle and shall be punished by imprisonment in the penitentiary for not more than twenty (20) years, if:

"(i) While operating or driving a vehicle in violation of W.S. \* \* \* 31-5-233 \* \* \*, he causes the death of another person and the violation is the proximate cause of the death; \* \* \*."

On April 2, 1988, Whitfield, then twenty-seven years old, began drinking at a bar in Torrington around 1:30 in the afternoon. He advised the probation officer that he had two beers and then left around 3:30. He said that he returned to the bar to drink two more beers and two mixed drinks and stayed until 5:00 P.M.; he then went to another bar where he had a few more drinks (two or three); and, about 7:00 P.M., he stopped at a bar in Lingle. He did not state that he had a drink at the last stop. He then began his return journey to Torrington, and not very far east of Lingle, on U.S. Highway 85-26, at about 9:15 P.M., Whitfield struck a vehicle driven by Kevin L. Zimmerman, age twenty-two, a student at Eastern Wyoming College, from behind. Both vehicles rolled over after the collision, and Zimmerman was found fifty-five feet

from his car. Zimmerman died at the scene of the accident while Whitfield received only minor injuries, which apparently included a blow to his head. The investigating officer, when testifying at the suppression hearing, stated that both vehicles were traveling in the same direction at the time of impact, that the road was dry, and that the impact occurred on a straight stretch of the highway. The laboratory report on the blood alcohol concentration (BAC) of the sample of blood taken from Whitfield approximately an hour later was 0.29%. A blood alcohol concentration evaluation of a sample of Zimmerman's blood showed no alcohol. At the time he changed his plea from not guilty to guilty, Whitfield acknowledged that he was too drunk to drive on that evening and that Zimmerman's death was a result of Whitfield's driving while intoxicated.

Prior to imposing sentence upon Whitfield, the trial court directed that a presentence investigation and report be conducted and prepared by the Department of Probation and Parole. That report discloses that, between 1979 and 1987, Whitfield had accumulated numerous traffic violations which included eight speeding citations and one charge of driving under the influence in 1985. After that offense, Whitfield received "counseling," and the term "binge alcoholic" was used in describing his use of intoxicating liquors. The report also notes other instances of substance abuse.

Prior to sentencing, counsel for Whitfield filed a motion for sentencing pursuant to § 7-13-301, W.S.1977 (June 1987 Repl.). This statute provides for the suspension of criminal proceedings and the placing of the person charged on probation. The sentencing judge acknowledged that this statute is a "great tool" and advised that he had used it before, but that Whitfield's motion was denied because the judge felt the statute did not "fit this particular situation." At the sentencing hearing, the trial judge recognized that Whitfield basically was a good person, but stated that he deserved to be punished for causing an alcohol-related death. In imposing sentence, the judge emphasized Whitfield's indifference to Zim-

merman's safety as evidenced by the fact that Whitfield continued to drive his vehicle even though his blood alcohol concentration was nearly three times the legal limit. After weighing the statements of counsel and the policy and sentencing considerations, the judge ruled that probation would be an inappropriate disposition in this instance and, instead, the judge sentenced Whitfield to a term of not less than three nor more than five years in the state penitentiary.

The well-settled rule in cases that challenge the imposition of sentence by a trial judge is that, in the absence of an abuse of discretion, the sentence stands. *Kavanaugh v. State*, 769 P.2d 908 (Wyo. 1989). The propriety of a probationary sentence and the degree to which probation is to be considered as an alternative both are vested within the sound discretion of the trial court. *Kavanaugh.* In determining, on review, whether the trial court reasonably could impose the sentence appealed from, each case is viewed as factually unique. *Kavanaugh*, 769 P.2d at 915. If the sentence imposed is the product of a reasonable conclusion under the circumstances, the sentencing court has acted within its discretion. *Kavanaugh*, 769 P.2d at 916.

In making a determination as to whether probation is appropriate, the sentencing judge has discretion to frame and consider, in a reasonable manner, the relevant inquiries with respect to the recognized purposes for imposing sentence. *Robinson v. State*, 678 P.2d 374 (Wyo. 1984). The societal need for retribution is a relevant consideration in the imposition of punishment. *Kavanaugh*, 769 P.2d at 915. Another appropriate consideration is whether the imposition of a penitentiary sentence would serve to deter others from committing similar crimes. *Volz v. State*, 707 P.2d 179 (Wyo.1985). It is appropriate to impose a sentence of imprisonment if probation would unduly depreciate the seriousness of the charged offense. *Volz*, 707 P.2d at 183.

Whitfield's claim of an abuse of discretion in denying him probation is premised essentially upon the fact that he was a nice person in serious trouble for the first time. He contends that should have led to a probationary sentence. He also has suggested that this court should consider certain newspaper articles in which the trial judge was severely criticized for granting probation to another criminal defendant. Obviously, we cannot consider matters which are not a part of the record in examining the issues on appeal. *Armijo v. State*, 678 P.2d 864 (Wyo.1984). Furthermore, we note that in *Kavanaugh*, 769 P.2d at 914, the defendants relied on the proposition upon which Whitfield's claim is based that they were good people who were first offenders. The trial judge in that case nevertheless denied probation.

The rationale found in *Volz* is dispositive of Whitfield's claim of abuse of discretion in denying probation. Volz, who was nineteen years old, struck a bicyclist, eighteen years old, from behind at a speed of about seventy miles per hour. Investigation disclosed that Volz' blood alcohol concentration was 0.13%. He entered a plea of guilty to a charge of aggravated vehicular homicide, and he was sentenced to a term of not less than two nor more than five years in the Wyoming State Penitentiary. This court affirmed that sentence. Following an approach similar to Whitfield's arguments, Volz had asked that the trial court consider probation because he was a full-time college student and had been drafted by a major league baseball team. The issue essentially involved the degree to which the trial court should consider probation. This court recognized in *Volz* that the degree of consideration to be given to probation is within the discretion of the sentencing court. The record in that case indicated that the sentencing judge had, in the course of the proceedings, considered probation. That is all that the judge is required to do. *Volz*, 707 P.2d at 183.

Applying the *Volz* rationale to this situation, because probation is a matter of grace and clemency, Whitfield was only entitled to have the trial judge consider probation; he was not entitled to receive probation. *Kavanaugh*, 769 P.2d at 915. The judge articulated for the record the

reasons that probation was not appropriate. He recalled that Whitfield was basically a nice person who had an alcohol problem, but he also articulated his concern about Whitfield's "indifference" to the grave consequences of drinking and driving. See *Volz*. The judge was troubled by the fact that Whitfield continued to drive even though he had consumed three times the amount of alcohol that justifies a presumption of intoxication. It is clear that the judge was concerned that a sentence of probation would not properly reflect the fact that Whitfield had caused the death of another young person. In essence, the court concluded that because probation would unacceptably depreciate the seriousness of an alcohol-related traffic fatality, a prison sentence was appropriate. See *Volz*, 707 P.2d at 183. The judge obviously concluded that deterrence and punishment were significant considerations in sentencing Whitfield, and we have said that both are permissible objectives. See *Volz*. The record discloses that the trial court gave careful consideration to probation as an alternative and concluded that Whitfield was not deserving of that disposition. That is all that *Volz* requires from a sentencing court.

In *Volz*, the court's conclusion that there had been a proper consideration of the alternative of probation was, in part, grounded upon the fact that a written motion had been filed for sentencing pursuant to § 7-13-302, W.S.1977. That provision has been amended and renumbered as § 7-13-301, W.S.1977 (June 1987 Repl.), and Whitfield, in this instance, filed a written motion relying upon the new version of the statute. We observed in *Volz*, 707 P.2d at 183, that the effect of filing a motion pursuant to the statute necessarily placed probation in issue and that the judge was required to consider probation before imposing sentence. In responding to Whitfield's motion, the judge, in this case, discussed why the granting of probation in response to the motion was inappropriate. Counsel was not deterred, however, and continued to argue for probation. Furthermore, the sentencing judge had the benefit of the pre-sentence report which discussed

probation as a sentencing alternative. The record demonstrates ample consideration by the trial judge of probation as a sentencing alternative for Whitfield and the reasoned rejection of that alternative. Application of *Volz* to these circumstances negates Whitfield's claim of an abuse of discretion in refusing to consider probation.

Despite the controlling influence of *Volz*, Whitfield further argues that the sentencing judge erroneously believed that he could not grant Whitfield probation because a death was involved. In *Volz*, we noted that, in determining whether the trial judge considered probation, it is necessary to examine all of the facts and circumstances of the case in context, without isolating any of the judge's comments relating to sentencing. *Volz*, 707 P.2d at 182–83. In this instance, an examination of the entire record, in context, makes it evident that the sentencing judge did not entertain any misconception about any lack of authority to grant Whitfield probation. Instead, the record demonstrates that the judge was exercising his discretion, in light of all the facts and circumstances, to punish Whitfield for his "indifference" to the public's welfare in driving while intoxicated and causing a death. This is an appropriate application of *Volz* where we noted that it is clearly within a sentencing judge's discretion to eschew probation in favor of a sentence to the penitentiary if probation would "unduly depreciate the seriousness of the offense." *Volz*, 707 P.2d at 183. The fact that a sentencing judge may perceive individuals who drink to excess, then drive and take a life, in a harsh judicial light is not such an unreasonable approach as to demonstrate an abuse of discretion.

■ Turning to the length of the sentence, *Volz* also addresses the proposition that probation and the subsequent sentence to a term are "intertwined" in the sentencing process. *Volz*, 707 P.2d at 182. Essentially, the same standard with respect to abuse of discretion is applied with respect to a review of a claim that the judge imposed an excessive sentence. *Wright v. State*, 670 P.2d 1090 (Wyo.1983), reh. denied, cert. granted 707 P.2d 153 (1985).

The one additional inquiry is whether the imposed sentence may be unlawful because it does not fall within the legislative mandate setting the minimum and maximum terms. *Roose v. State*, 753 P.2d 574 (Wyo. 1988). Other than that, the sentencing court should consider the same pertinent factors that it may consider with respect to a determination as to whether probation should be granted.

In this instance, the judge concluded that Whitfield's "indifference" to the safety of the public was sufficiently serious to justify a prison sentence. He also had a concern about the depreciation of the offense if a sentence were not imposed. In the process, the trial judge appropriately delineated his rationale for sentencing Whitfield to a term of not less than three nor more than five years. The sentence imposed clearly is within the legislatively mandated term, a maximum of twenty years. It is similar to the sentence of not less than two nor more than five imposed in *Volz*. Succinctly, the sentence that was imposed is founded upon a reasonable conclusion reached by the sentencing judge. There was no abuse of discretion.

The judgment and sentence is affirmed.