**James S. NELLIS, Appellant
(Plaintiff/Petitioner),**

v.

**WYOMING DEPARTMENT OF
TRANSPORTATION, Appellee
(Defendant/Respondent).**

No. 96–115.

Supreme Court of Wyoming.

Feb. 12, 1997.

W. Keith Goody, of Goody & Brodie, Jackson, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Lawrence A. Bobbitt, III, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

James S. Nellis (Nellis) challenges the probable cause for a deputy sheriff to arrest him for driving while under the influence of alcohol (DWUI) and the sufficiency of the evidence to support the ruling of a hearing examiner that a ninety day administrative suspension of his driver's license should be upheld. In arguing his first contention, Nellis asserts that the evidence did not support the determination that the deputy sheriff had probable cause to arrest him for DWUI. Nellis argues that in the absence of adequate probable cause the chemical testing procedure articulated in Wyo. Stat. § 31–6–102 (1994) was unlawfully invoked. In his second argument, Nellis contends that the results of the blood analysis that were obtained were not adequate to support a determination of intoxication because of the time differential between the arrest and the drawing of the blood sample. Upon initial review the district court ruled:

> 1). The hearing examiner's decision was not arbitrary, capricious. The decision was in accordance with the law. It did not exceed the statutory jurisdiction. There is substantial evidence in the record to support the hearing officer's decision.

The decision of the district court is irrefutable on the record before us, and the decision of the district court is affirmed.

In the Appellant's Brief on Appeal, Nellis identified the issues as:

> I. Was the finding of the hearing examiner that the "arresting officer had probable cause to believe licensee had been driving ... in violation of W.S. § 31–5–233(b)" supported by substantial evidence?

> II. Was the finding of the hearing examiner that "the chemical test result indicated that licensee had an alcohol concentration of ten one-hundredths of one percent (0.10%) or more" supported by substantial evidence, or, indeed, any evidence whatsoever?

The answering Brief of Wyoming Department of Transportation (Department), the appellee, states only one issue:

> Does the record contain substantial evidence to establish compliance with the implied consent statute? In particular, does the record establish that the officer made a lawful arrest, that the officer had probable cause to believe that appellant had been driving under the influence on a public street or highway, and that appellant submitted to a chemical test which indicated an alcohol concentration of .10% [?]

The events that culminated in the suspension of Nellis' driver's license occurred on February 17, 1995. Nellis and his wife, and two other couples who were visiting with the Nellises, went out to dinner at Teton Village. The dinner was at a cabin which was reached by a sleigh from the tram tower cafeteria. While waiting at the cafeteria for the sleigh, Nellis made some drinks for the party. After about a quarter hour on the sleigh the couples arrived at the cabin and had dinner. Wine was served with dinner, and Nellis had maybe one and a half glasses of wine. Then the party went back to the tram tower cafeteria and from there began their return journey to Jackson.

The weather had worsened, and a wet heavy snow was falling, accompanied by wind. It was snowing heavily, and the road was covered with snow. The members of the Nellis party were unanimous in their view that Nellis had no difficulty driving, and they were certain that he was not impaired by alcohol as they were traveling from Teton Village back to Jackson.

When Nellis reached the junction of state highway 390, on which he was driving, with state highway 22, he pulled out to the left, around a line of traffic that was stopped in the correct lane, and drove in the oncoming traffic lane. He stopped at the traffic light, waited for it to change, and then turned left towards Jackson. This entire maneuver was observed by a deputy sheriff, who followed the Nellis vehicle for some distance before he pulled it over. The deputy sheriff spoke with Nellis, and observed that his eyes were reddened and glassy. He could smell alcohol on Nellis' breath, and Nellis admitted to having consumed three drinks. Apparently, Nellis also reported that he had taken some Tylenol 3.

The deputy sheriff requested Nellis to perform some field sobriety tests. Nellis was

unable to perform the walk and turn test and the one leg stand test. He could not count properly, and he failed the horizontal nystagmus test. Furthermore, a preliminary breath test indicated a blood-alcohol content of 0.084%. The deputy sheriff then arrested Nellis, and read the implied consent advisement form to him.[1] Nellis submitted to a blood test which reported a blood-alcohol content of 0.10%.

Nellis was not prosecuted for driving while under the influence of alcohol, but he was informed of an administrative suspension of his driver's license for ninety days. Nellis took the matter to a contested case hearing, and the ninety day suspension was upheld by the hearing examiner. Nellis sought judicial review, and the district court affirmed the decision of the hearing examiner. This appeal is from the Order entered in the district court, which affirmed the order of the hearing examiner.

Rule 12.09, of the Wyo. R. App. P. provides that judicial review of an action by an administrative agency must be consistent with Wyo. Stat. § 16–3–114(c) (1990), which provides:

> The reviewing court shall:
>
> * * * * * *
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> * * * or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record

of an agency hearing provided by statute.

When a case initiated in an administrative agency comes before this court on appeal we do not give any special deference to the decision of the district court. Instead, we review the case as if it came to us directly from the agency. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). The deference normally accorded the findings of fact by a trial court is extended to an administrative agency, and the agency's determination of the facts will not be overturned unless clearly contrary to the overwhelming weight of the evidence on record. *Robles*, 882 P.2d at 875. On review, we examine the entire record to determine whether substantial evidence is present to support the findings of fact by the hearing examiner. *Romero v. Davy McKee Corp.*, 854 P.2d 59, 61 (Wyo.1993). "Substantial evidence is relevant evidence which a reasonable mind might accept in support of the conclusions of an agency." *Stuckey v. State, ex rel. Wyoming Worker's Compensation Div.*, 890 P.2d 1097, 1099 (Wyo.1995). There must be more than a mere scintilla of evidence or a simple suspicion for the fact to be established. *Mountain Fuel Supply Co. v. Public Service Com'n of Wyoming*, 662 P.2d 878, 882 (Wyo.1983). The fact that there are contradictions in the evidence regarding certain matters does not result in an unsupportable finding by the hearing examiner. He is tasked with resolving factual disputes. *State, ex rel., Wyoming Workers' Compensation Div. v. Harris*, 931 P.2d 255 (Wyo.1997).

Nellis' primary argument in this appeal is that the deputy sheriff did not have probable cause to arrest him for DWUI. He

---

1. The required advisement is set forth in Wyo. Stat. § 31–6–102(a)(ii)(1994):

> (ii) For tests required under this act, the arrested person shall be advised that:
>
> (A) His failure to submit to all required chemical tests requested by the peace officer shall result in the suspension of his Wyoming driver's license or his privilege to operate a motor vehicle for a period of six (6) months for a first offense or eighteen (18) months for a second or subsequent offense as provided by W.S. 31–6–107;
>
> (B) If a test is taken and the results indicate the person is under the influence of alcohol, he

> may be subject to criminal penalties and his Wyoming driver's license or his privilege to operate a motor vehicle shall be suspended for ninety (90) days;
>
> (C) He may go to the nearest hospital or clinic and secure any or all required tests at his own expense or any remaining required tests shall be administered by a person at a place and in a manner prescribed by and at the expense of the agency employing the peace officer;
>
> (D) If he refuses to take all required tests, he shall not be eligible for limited driving privileges.

contends that, in the absence of probable cause, the arrest was improper and evidence obtained pursuant to the unlawful arrest, such as his blood-alcohol test, is not available. In *Keehn v. Town of Torrington*, 834 P.2d 112, 115 (Wyo.1992), we recognized that "peace officers have a general duty to apprehend, arrest, and remove drunk drivers from Wyoming's roadways." Even so, we reminded litigants that:

> [I]t is first important to note that the United States and Wyoming Constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Wyo. Const. art. 1, § 4. A warrantless arrest is an unreasonable seizure when not supported by probable cause. Probable cause for a warrantless arrest exists when, under the totality of the circumstances, a prudent, reasonable, and cautious peace officer would be led to believe that a crime has been or is being committed and that the individual arrested is the perpetrator. *Jandro v. State*, 781 P.2d 512, 517–18 (Wyo.1989); Wyo.Stat. § 7–2–103 (June 1987).

*Keehn*, 834 P.2d at 116.

Clarification of the right to arrest is found in our statutes. It is specified in WYO. STAT. § 7–2–102 (Supp.1994) that a peace officer may arrest for a misdemeanor, without a warrant, when:

> (i) Any criminal offense is being committed in the officer's presence by person to be arrested;
>
> * * * or
>
> (iii) The officer has probable cause to believe that a misdemeanor has been committed, that the person to be arrested has committed it and that the person, unless immediately arrested:
>
> > (A) Will not be apprehended;
> >
> > (B) May cause injury to himself or others or damage to property; or
> >
> > (C) May destroy or conceal evidence of the commission of the misdemeanor.

With respect to the offense of DWUI, the peace officer must have probable cause to believe that the accused has actual physical control of a motorized vehicle when legally intoxicated. WYO. STAT. § 31–5–233 (1994).

The statutory definition of legal intoxication is a blood-alcohol content equal to or greater than 0.10%, or being otherwise incapable of driving safely while under the influence of an intoxicant. WYO. STAT. § 31–5–233(b). The statute also provides that if the blood-alcohol concentration is 0.05% or less the individual is presumed not to be under the influence of alcohol. WYO. STAT. § 31–5–233(c)(i). If the blood-alcohol concentration is more than 0.05% and less than 0.10% "that fact shall not give rise to any presumption that the person was or was not under the influence of alcohol, but it may be considered with other competent evidence in determining whether the person was under the influence of alcohol to a degree which renders him incapable of safely driving a motor vehicle." WYO. STAT. § 31–5–233(c)(ii).

The circumstances reflected in this record disclose more than a scintilla of evidence that the deputy sheriff observed Nellis breaking a traffic law by moving into the oncoming lane while turning left at the traffic signal, thus causing a potentially dangerous road situation. There is substantial evidence that Nellis failed the field sobriety test that he was asked to perform. The record demonstrates Nellis' eyes were glassy; he smelled of alcohol; and he admitted to drinking alcohol that evening. The preliminary breath test administered to Nellis was between 0.05% and 0.10%, which indicated that he might have been driving under the influence of alcohol. In light of these circumstances, the deputy sheriff had ample probable cause to arrest Nellis for DWUI in violation of WYO. STAT. § 31–5–233. *See Vrooman v. State*, 642 P.2d 782 (1982).

Following the arrest, Nellis was informed of the requirement for chemical testing and the consequences for refusal to submit to testing, according to the implied consent advisement required by the statute. He submitted to the administration of a blood test, the result of which demonstrated a blood-alcohol concentration of 0.10%. With that test result, the statute requires the Department of Transportation to "suspend the person's Wyoming driver's license * * * for ninety (90) days." WYO. STAT. § 31–6–102(e). The

driver's license suspension was imposed in accordance with law.

■ As a second argument, Nellis insists that because the blood test was accomplished thirty-six minutes after he was stopped, the statute cannot be invoked. This argument borders on being specious. The statute providing for implied consent sets forth the exclusive means and the mandatory procedure to determine the blood-alcohol level when a suspect is arrested, and the law enforcement officer has probable cause to suspect the individual of DWUI. *State v. Chastain*, 594 P.2d 458 (Wyo.1979), *overruled on other grounds by Olson v. State*, 698 P.2d 107 (Wyo.1985); *Van Order v. State*, 600 P.2d 1056 (Wyo.1979). We have never suggested that a test was inadmissable because it was given thirty-six minutes after the suspect was stopped (The record indicates that the actual period of time was thirty-three minutes as Nellis was pulled over at 10:22 p.m. and the blood for the test was furnished at 10:55 p.m.). The exact timing is not material because our Wyoming cases readily establish the impropriety of Nellis' claim.

In *Buckles v. State*, 830 P.2d 702, 704 (Wyo.1992), the results of the test administered one to one and one-half hours after a collision were used as evidence of intoxication to achieve a conviction. That case also upheld a post-death drug test as evidence. In *Whitfield v. State*, 781 P.2d 913, 914 (Wyo. 1989), a blood test taken approximately one hour after the accident was used to achieve a conviction of aggravated vehicular homicide. In yet another aggravated vehicular homicide case, decided in 1989, a conviction was affirmed in an instance in which the blood sample was taken some 40 minutes after the accident and produced a result of 0.13 to 0.14% alcohol in the blood. *McLaughlin v. State*, 780 P.2d 964 (Wyo.1989).

In arguing this aspect of his case, Nellis does not cite any authority or furnish any statutory references to sustain his argument. As he states in his brief, the Wyoming implied consent statute was intended to create a more objective means of identifying a violation of the DWUI statute by establishing a precise standard to be demonstrated by the result of a chemical analysis. Carried to its logical extreme, Nellis' argument would result in the implied consent statute losing all meaning because one never could accomplish the chemical test at the precise moment the individual was driving. Establishing DWUI would revert to a purely subjective analysis and opinion on the part of peace officers. The implied consent law, however, creates an objective standard for establishing DWUI by presumption of intoxication from the presence of a certain percentage of alcohol in the blood. It follows that if the driver had not consumed more alcohol subsequent to the arrest, the test would establish intoxication while driving. The statute does provide that the test shall be "[g]iven as promptly as possible after the arrest." Wyo. Stat. § 31–6–102(a)(i)(B). Nothing in this record indicates that the test of Nellis was not accomplished according to the statute.

■ In a secondary argument, Nellis relies upon the breath test given prior to his arrest, which did not reach the statutory level of intoxication. He reasons that the subsequent blood test was not relevant, and it should not have been admitted. The breath test was not given pursuant to the statute. The implied consent law is triggered when the subject is arrested and has been advised of his rights under the statute. Wyo. Stat. 31–6–102. It is the preliminary breath test that is not relevant to the revocation procedure conducted pursuant to the implied consent law because it was obtained prior to the arrest and the advisement required by the statute.

We hold that substantial evidence in this record justifies the finding of fact by the hearing examiner that probable cause existed to arrest Nellis for DWUI. Furthermore, the blood-alcohol test, properly administered pursuant to Wyo. Stat. § 31–6–102, established the statutory basis for the imposition of the license suspension. Nellis' license was properly suspended in accordance with the law.

The Order of the trial court affirming the order of the hearing examiner is affirmed.