Thomas D. BEAULIEU, Appellant
(Defendant), ·

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5226.

Supreme Court of Wyoming.

March 19, 1980.

Michael H. Schilling, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, signed the brief on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen. and Michael L. Hubbard, Legal Intern, signed the brief on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

PER CURIAM.

The only issue here is whether the sentencing court considered probation for the defendant as required by *Sanchez v. State*, Wyo.1978, 592 P.2d 1130.

The past criminal record of the defendant, as disclosed by the presentence report, indicates that probation could be only a far-removed alternative for disposition. The fact that probation was requested and the appearance of a probation plan in the pre-sentence report can lead to no conclusion but that the court could not avoid giving it consideration. No particular amount of consideration is required. There need be no specific entry into the record of reasons why probation is denied nor does the word "probation" even need be mentioned by the court if it can be determined from the proceedings that it has been considered, however slightly. *Kenney v. State*, Wyo.1980, 605 P.2d 811.

We note the appellant's argument that his codefendant, who he claims had a substantially similar personal history, was given the benefit of probation after suspension of sentence. While apparently intended to demonstrate that the district court obviously did not consider probation in this

appellant's instance, there are overtones of an argument that the appellant should not be dealt with more severely than his codefendant. We reject any such sentencing standard. Our position is clear that an appropriate sentence is within the discretion of the trial judge, so long as it is within the punishment prescribed by statute, and we can visualize no more severe inhibition upon that discretion than to recognize a claim that codefendants must be sentenced alike. A sentence should be patterned to the individual defendant in each instance insofar as the trial judge can do so in performing this most difficult function.

Affirmed.