2002 WY 10

**Fredrich Gary MARTINEZ,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 01–7.**

Supreme Court of Wyoming.

Jan. 25, 2002.

---

Fredrich Gary Martinez, Pro Se, Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Appellant Fredrich Martinez appeals from the district court's order denying his motion to correct an illegal sentence. Mr. Martinez claims his sentence is illegal because at the sentencing hearing the district court did not consider the possibility of probation. We affirm.

## ISSUES

[¶ 2] Mr. Martinez presents the following issue on appeal:

### ISSUE I

Was [Mr. Martinez] granted consideration in the record of his application for probation, which was contained in the pre-sentence investigation report ordered by the district court?

The state rephrases the issue as follows:

Did the district court properly deny [Mr. Martinez's] motion for correction of an illegal sentence?

## FACTS

[¶ 3] In 1996, Mr. Martinez engaged in sexual intercourse with his sixteen-year-old niece. The girl became pregnant and underwent an abortion. A DNA test confirmed Mr. Martinez was the biological father of the fetus.

[¶ 4] On April 2, 1998, the state charged Mr. Martinez with one count of second-degree sexual assault and one count of taking indecent liberties with a child. Pursuant to a plea agreement, Mr. Martinez pleaded guilty to the indecent liberties charge, and the state dismissed the second-degree sexual assault charge. Prior to sentencing, the district court ordered a presentence investigation report from the Department of Probation and Parole.

[¶ 5] On March 3, 1999, Mr. Martinez appeared before the district court for sentencing. The district court noted it had reviewed the presentence investigation report and allowed the parties to comment on the report. It heard statements from Mr. Martinez and his wife and arguments by counsel. The court sentenced Mr. Martinez to serve a prison term of not less than four years nor more than six years. The court did not make an express verbal or written finding that it had considered probation in the sentencing process. Mr. Martinez did not, however, appeal the original judgment and sentence.

[¶ 6] Mr. Martinez subsequently filed a motion to reduce his sentence, which the district court denied. On July 18, 2000, Mr. Martinez filed a *pro se* motion to correct an illegal sentence pursuant to W.R.Cr.P. 35(a). In his motion, Mr. Martinez asserted his sentence was illegal because the district court did not consider the possibility of placing him on probation. He requested that the district court vacate his sentence and conduct another sentencing hearing to consider probation. Presumably in response to Mr. Mar-

tinez's motion, the district court issued an amended judgment and sentence which included the following statement: "**THE COURT HEREBY** considered probation for the defendant, but found that probation was inappropriate in this matter." A short time later, the district court entered a second amended judgment and sentence, apparently to correct an erroneous date included in the amended judgment and sentence. On October 20, 2000, the district court issued an order denying Mr. Martinez's motion to correct an illegal sentence, and Mr. Martinez appealed.

## STANDARD OF REVIEW

[¶ 7] W.R.Cr.P. 35(a) governs motions to correct illegal sentences. "A motion to correct an illegal sentence under W.R.Cr.P. 35(a) is addressed to the sound discretion of the sentencing court." *Mead v. State*, 2 P.3d 564, 566 (Wyo.2000). We, therefore, apply our abuse-of-discretion standard in reviewing a denial of a motion to correct an illegal sentence. *Cardenas v. State*, 925 P.2d 239, 240 (Wyo.1996). The abuse-of-discretion standard of review reaches the question of the reasonableness of the trial court's choice. *Griswold v. State*, 2001 WY 14, ¶ 7, 17 P.3d 728, ¶ 7 (Wyo.2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously. *Id.*

## DISCUSSION

[¶ 8] Mr. Martinez claims the sentence imposed by the district court was illegal because the court did not consider probation before passing sentence against him. In support of his argument, he points to the fact that the district court did not make a specific ruling granting or denying probation. The state maintains that the district court properly considered probation at his sentencing hearing.

[¶ 9] W.R.Cr.P. 35(a) gives district courts the authority to correct illegal sentences at any time. "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Duran v. State*, 949 P.2d 885, 887 (Wyo.1997); *see also Sanchez v. State*, 982 P.2d 149, 150 (Wyo.1999).

[¶ 10] A district court is not obligated to grant probation to a defendant. *Burk v. State*, 848 P.2d 225, 236 (Wyo.1993). The court must, however, consider an application for probation and, if it does not grant probation, include a statement in the written sentence expressly acknowledging it considered the application. *See Sanchez v. State*, 592 P.2d 1130, 1137 (Wyo.1979); W.R.Cr.P. 32(c)(2)(D).

[¶ 11] This court has stated that no particular amount of consideration of probation is required as long as the record reveals the district court did consider it. *Beaulieu v. State*, 608 P.2d 275, 275 (Wyo.1980); *see also Volz v. State*, 707 P.2d 179, 182–83 (Wyo.1985). We applied this rationale in *Beaulieu* and held that, because a probation plan appeared in the presentence report and the defendant requested probation at the sentencing hearing, sufficient evidence existed in the record to support the conclusion that the district court considered probation. 608 P.2d at 275. Similarly, in *Burk*, we found sufficient proof that the district court had considered probation when it imposed sentences in two cases against the defendant. 848 P.2d at 236. In the first case, the defense counsel argued for leniency and mentioned that other persons involved in the defendant's case had received probation. *Id.* In the second case, the defense counsel asked for leniency, the defendant's parents requested that the court grant probation, and the presentence investigation report addressed the issue of probation. *Id.*

[¶ 12] After reviewing the record in the case at bar, we are convinced the district court considered and rejected the option of placing Mr. Martinez on probation. The presentence investigation report indicated Mr. Martinez's mother and his wife both told the probation officer they believed Mr. Martinez should be placed on probation. Although the presentence investigation report did not include an explicit recommendation as to whether or not probation was appropriate in

Mr. Martinez's case, it did address potential problems which could arise if he were placed on probation. Because Mr. Martinez and his family lived in Colorado, the State of Colorado would need to supervise his probation. The probation officer was concerned Colorado would be reluctant to accept the responsibility of supervising Mr. Martinez's probation because he was a sex offender, there were minor children living in his home, and his employment as an "over the road" truck driver would make him difficult to supervise. The report continued by stating: "Should the Court consider this Defendant appropriate for a probation term, it is recommended it be under the strictest conditions, including a placement at community corrections where he can be closely scrutinized."

[¶ 13] Mr. Martinez's wife spoke at the sentencing hearing. She stated that Mr. Martinez was a good husband and father and she and their children relied upon him for emotional and financial support. Mrs. Martinez asserted that, if Mr. Martinez were sent to prison, the family would suffer financially and emotionally.

[¶ 14] The district court sentenced Mr. Martinez to serve a prison term of not less than four years nor more than six years. In passing sentence, it recognized the negative impact an imprisonment sentence would have on Mr. Martinez's family but declared that Mr. Martinez must be accountable for his actions.

[¶ 15] Under these facts, it is very clear the probation question was squarely before the district court, and the court considered and rejected that option. Pursuant to W.R.Cr.P. 32(c)(2)(D), the district court should have included a statement in the original judgment and sentence which indicated it considered probation in Mr. Martinez's case. The district court, however, corrected the oversight when it amended the judgment and sentence to include a finding that probation was not appropriate. We hold the district court handled this matter appropriately and did not abuse its discretion.

[¶ 16]  Affirmed.