44 P.3d 943 (2002)
2002 WY 56
Ralph TRUJILLO, Appellant (Defendant),
v.
The STATE of Wyoming, Appellee (Plaintiff).
No. 01-39.
Supreme Court of Wyoming.
April 11, 2002.
Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; and Tina N. Kerin, Assistant Appellate Counsel.
Representing Appellee: Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and T. Alan Elrod, Assistant Attorney General.
Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.
*944 KITE, Justice.
[¶ 1] Upon revoking Ralph Trujillo's probation, the trial court reinstated his original sentence of not less than five years nor more than seven years with credit for pretrial confinement. Despite admitting ten probation violations, Mr. Trujillo contends the trial court abused its discretion by not considering community alternatives placement instead of incarceration. We affirm the trial court's Order for Revocation of Probation but remand for correction of typographical errors in that order.

ISSUES
[¶ 2] Mr. Trujillo presents the following issue: "Did the trial court abuse its discretion in not considering a community alternatives placement for Appellant, as opposed to incarceration, in the probation revocation proceeding?" The State of Wyoming rephrases the issue as: "Did the district court properly sentence Appellant?"

FACTS
[¶ 3] In March of 1998, a jury convicted Mr. Trujillo on one count of possessing a controlled substance with the intent to deliver (psilocybin mushrooms) and one count of unlawfully possessing a controlled substance (marijuana). Wyo. Stat. Ann. § 35-7-1031(a)(ii) & (c)(i)(A) (Michie 1997). The trial court sentenced him to one year in the county jail on the first count with that sentence to be served concurrently with a five to seven-year sentence on the second count and gave him a credit of 286 days on each sentence for previously served pretrial confinement. Mr. Trujillo commenced serving his sentence in the Wyoming State Penitentiary. He appealed his conviction asserting numerous errors including the trial court denied him the right to counsel at sentencing. This court remanded for resentencing because the trial court did not advise Mr. Trujillo that, if he continued to engage in obstructive behavior during the court proceedings, he would be forced to proceed without counsel. When the trial court resentenced Mr. Trujillo in June of 2000 after he had served approximately two years, it reimposed and suspended the original sentences and placed him on five years' probation in the Intensive Supervision Program (ISP). See Trujillo v. State, 2 P.3d 567 (Wyo.2000). Thereafter, on July 28, 2000, Mr. Trujillo signed two documentsan ISP Schedule/Curfew Restrictions & Allowances and an Intensive Supervision Program Agreement in which he acknowledged all the terms and conditions of his ISP probation placement.
[¶ 4] On September 11, 2000, the state filed a Petition for Revocation of Probation, Contempt of Court and Bench Warrant and an affidavit in support thereof signed by Mr. Trujillo's probation officer. The affidavit set out four alleged probation violations. On October 3, 2000, the court entered an Order to Show Cause and released Mr. Trujillo on his own recognizance pending the hearing. On December 20, 2000, the state filed an Amended Petition for Revocation of Probation and Request for Bench Warrant listing eight additional alleged probation violations. The trial court held the probation revocation hearing on December 21, 2000. Mr. Trujillo appeared with counsel and admitted ten of the twelve alleged violations after the judge fully advised him of his rights and the possible consequences of probation revocation. The two allegations he denied were then dismissed on the state's motion.
[¶ 5] The defense counsel argued strenuously for community alternatives placement as opposed to reinstatement of the original sentence. The thrust of the argument was that Mr. Trujillo's problems were related to his long history of substance abuse and, despite the many probation violations, he did very well while in prison awaiting appeal on the underlying charge, did not use controlled substances while on probation, and successfully completed a prior community alternatives placement. Further, Mr. Trujillo testified and counsel argued he could not tolerate the social isolation associated with the ISP which led to his violations and he would be much more likely to do well in community alternatives placement where he would still be able to work and pay child support. The state asserted Mr. Trujillo's unsuccessful ISP performance did not support a community alternatives placement. At the conclusion of the hearing, the trial court revoked the probation *945 and reinstated the original five- to seven-year sentence with credit of 286 days for previously served pretrial confinement. Mr. Trujillo appealed.

STANDARD OF REVIEW
[¶ 6] The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused.

Gronski v. State, Wyo., 700 P.2d 777, 778 (1985). Therefore, the decision of a court to revoke probation and deny a sentence reduction motion in reimposing an original sentence is entitled to considerable deference by an appellate court. We will not reverse the actions of the district court in sentence reduction, probation revocation, and sentence imposition cases unless there is a clear abuse of discretion.
Mower v. State, 750 P.2d 679, 680 (Wyo.1988) (some citations omitted). "Upon review, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated." Krow v. State, 840 P.2d 261, 264 (Wyo.1992); see also Mapp v. State, 929 P.2d 1222, 1225 (Wyo.1996).
[¶ 7] The abuse-of-discretion definition this court adopted in Vaughn v. State, 962 P.2d 149, 151 (Wyo.1998), is well established: Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising a sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Nixon v. State, 4 P.3d 864, 869 (Wyo.2000); Martin v. State, 720 P.2d 894, 897 (Wyo.1986).

DISCUSSION
[¶ 8] When the trial court placed Mr. Trujillo on five years' ISP probation, it explicitly advised him of the probation terms and conditions as well as the penalties for failing to abide by those requirements:
[THE COURT:] ... And, Mr. Trujillo, you will now be placed on probation for a period of five years. And I'll give you the terms and conditions of the probation order. And it may be kind of hard to listen at this point, because now you know you're going to walk today.
THE DEFENDANT: Yes.
THE COURT: But these conditions are very important. I think you know that, because you've been through a probation revocation before, and you know what can happen if you violate these conditions.
I just want to be sure you understand that I'm dead serious about every one of the conditions. There isn't one of them that is more important than the others. They all work together. And if you violate any one of them, I won't hesitate to revoke your probation and order you to serve the remainder of the sentence which I have suspended today.

(Emphasis added.) The judge went on to outline the conditions and terms which included: (1) to obey the rules and regulations of the probation officer including all conditions of the probation and parole agreement; (2) not to violate any laws; (3) not to consume or possess any alcoholic beverages or illegal drugs or to possess paraphernalia for the use of illegal drugs; (4) not to associate with people using or possessing those items; (5) not to be in places where such items were sold or served or available for use or consumption; (6) to submit to random testing for alcohol or illegal drugs; and (7) to submit to random searches of his person, household, and vehicle. Further, the trial court advised Mr. Trujillo: "I also will tell you this: That if you can continue on the track that you're on, if you can show me compliance with this order in every respect for the period of one year, why, then I will most likely be willing to drop the rest of your probation."
[¶ 9] Just over six months later, Mr. Trujillo appeared again before the court to admit ten violations of his ISP conditions: being at a location not indicated on his weekly schedule without approval of his ISP agent on two separate occasions, associating with a person not approved by his ISP agent, being out of his residence past curfew, having a urinalysis test positive for .06 percent alcohol concentration, being convicted of driving while under *946 suspension, being convicted of failing to yield right of way at a stop sign, being in a business which sells alcohol, and failing to provide a weekly schedule to his ISP agent for two separate weeks.
[¶ 10] As we stated in Mapp, 929 P.2d at 1226 (some citations omitted):
The proceedings for probation revocation consist of a two-part process. The first part, the adjudicatory phase, requires the district court to determine by a preponderance of the evidence whether a condition of probation was violated. W.R.Cr.P. 39(a)(5). The second, dispositional phase, is triggered only upon a finding that a condition of probation was violated. In this phase, the district court must deliberate not only upon the violation, but also the reasons the conditions were originally imposed and the circumstances surrounding the violation. After consideration of all these factors, the district court must then determine the appropriate consequences of the probationer's violation.
In the adjudicatory phase, the Fourteenth Amendment right to due process and the Wyoming Rules of Evidence apply. W.R.Cr.P. 39(a)(5)(B). In the dispositional phase, only general due process protections continue to attach and the rules of evidence are suspended. The due process protections afforded to the separate phases arise from the nature of the probation revocation proceeding:
"A probation revocation hearing is not a trial on a new criminal charge. It is simply an extension of the sentencing procedure resulting from the conviction of the basic charge, coupled with the requirement that the probationer be afforded due process of law before being deprived of the conditional right to liberty granted by probation."

Gailey [v. State,] 882 P.2d [888,1 893 [(Wyo.1994)] (quoting Minchew [v. State], 685 P.2d [30,] 31 [(Wyo.1984)]) (emphasis added).
[¶ 11] Given Mr. Trujillo's admission he violated ten probation conditions, only the dispositional phase is at issue. In this regard, the court did everything the law requires. It is well established that the sentencing court must, on request, consider probation. Dean v. State, 668 P.2d 639, 645 (Wyo.1983); see also Volz v. State, 707 P.2d 179, 182-83 (Wyo.1985); Sanchez v. State, 592 P.2d 1130, 1137 (Wyo.1979); Jones v. State, 602 P.2d 378, 383 (Wyo.1979). However, there is no corollary requirement that the sentencing court, having revoked probation, must consider community alternatives placement. Even so, the court received the sworn testimony of the probation agent and Mr. Trujillo as well as the counsels' arguments regarding the reasons for the violations and proposed appropriate consequences. Specifically, the trial court heard the defense's vehement assertion that a community alternatives placement was the most suitable outcome. After receiving all the presentations, the trial court stated:
The Court is going to enter an order now revoking the probation that was previously entered, and in looking at the Court file, Mr. Trujillo, theFirst I just want to observe that the original affidavit with four violations in it was filed in the Court file in September, about the 10th of September or the 9th of September, and the order to show cause with that was signed by the Court on October 3rd of 2000.... Then knowing that [the hearing scheduled on the order to appear] was coming up and that you were going to be appearing before this Court on a petition to revoke probation and to talk about what was going to happen as a consequence, look at the amended affidavit and see what happened after that. On September 21st, the urinalysis with a positive test[], .... 06 percent. On November 2nd, the convictions of driving under suspension and failure to yield right of way. On November 12th, the admission that you were at RJ's Saloon. On November 12th, your being in a place where you were not suppose to be, and then your failure to provide your weekly schedules, at least for the week of December 11th through 17th and for this week.
So, knowing you're on probation, knowing you have these conditions and knowing you have this hearing coming up today in open defiance of the conditions of the probation *947 order, you went ahead and did all of those things.
You may feel that this is hard time, but, Mr. Trujillo, it's pretty hard to dispute the fact that you have certainly been allowed to go to work and you have been allowed to have contact with your family, and you've been able to resume your [child] support, get insurance, but when you're in prison you're not allowed to leave the prison, go out and work every day, and you had the opportunity to do that. You were allowed the contact that you needed with your spiritual leader and to pursue that, and it isn't hard time in comparison to prison, I'm sorry but it just isn't.
I have to agree with [the state], the Court will rema[nd] Mr. Trujillo to custody and order that he is now to serve the remainder of the sentence in the Wyoming State Penitentiary that previously was suspended.
[¶ 12] Mr. Trujillo claims the trial court did not consider community alternatives placement. The record does not support this contention. Mr. Trujillo's entire argument hinges on the fact the judge did not mention the term "community alternatives placement" in pronouncing his decision. From our review of the record and hearing transcript, although the court was not obligated to consider such a disposition, it is clear the judge did so and rejected it because of Mr. Trujillo's admitted noncompliant behavior during his ISP probation including the time frame in which the petition to revoke was pending. This decision was well considered, within the trial court's broad sentencing discretion, and not arbitrary or capricious.
[¶ 13] The state has requested this matter be remanded for correction of what is essentially a typographical error in the Order for Revocation of Probation. The trial court acknowledged in the hearing that Mr. Trujillo admitted allegation numbers two through ten and number twelve while allegation numbers one and eleven were denied and dismissed by motion of the state. The state is correct that the order does not accurately reflect the trial court's oral rulings because it states Mr. Trujillo admitted all twelve allegations. For this reason, we remand for correction of the Order for Revocation of Probation consistent with this opinion.
[¶ 14] Affirmed and remanded.