2005 WY 50

**Lloyd L. COHEE, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 04–57.**

Supreme Court of Wyoming.

April 15, 2005.

Representing Appellant: Richard R. Jamieson of Jamieson & Robinson, LLC, Casper, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and James Michael Causey, Assistant Attorney General, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J. Ret.

VOIGT, Justice.

[¶ 1] An eighty-three-year-old man was sentenced to the penitentiary for aggravated vehicular homicide and he appeals, alleging abuse of discretion in the district court's rejection of a plea agreement, in its refusal to consider probation, and in its sentencing him to prison. We affirm.

## ISSUES

[¶ 2] The appellant raises the following issues:

1. Did the district court abuse its discretion by rejecting the parties' plea agreement?

2. Did the district court violate the appellant's right to due process of law by not allowing enough time to hear his motion to reconsider?

3. Did the district court abuse its discretion by refusing to consider probation?

4. Did the district court violate the appellant's rights under Article 1, § 15 of the Wyoming Constitution?

5. Did the district court abuse its discretion by sentencing the appellant to prison?

[¶ 3] The State adds the following issue for our consideration:

6. Did the appellant's guilty plea waive the issues that involve matters preceding entry of that plea?

## STANDARD OF REVIEW

[¶ 4] We review sentencing decisions for an abuse of discretion.

"Sentencing decisions are normally within the discretion of the trial court. *Hamill v. State*, 948 P.2d 1356, 1358 (Wyo.1997). 'A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.' *Smith v. State*, 941 P.2d 749, 750 (Wyo.1997). 'An error warrants reversal only when it is prejudicial and it affects an appellant's substantial rights. The party who is appealing bears the burden to establish that an error was prejudicial.' *Candelaria v. State*, 895 P.2d 434, 439–40 (Wyo. 1995) (citations omitted); *see also, Robinson v. Hamblin*, 914 P.2d 152, 155 (Wyo.1966)."

*Lee v. State*, 2001 WY 129, ¶ 10, 36 P.3d 1133, 1138 (Wyo.2001) (*quoting Trusky v. State*, 7 P.3d 5, 13 (Wyo.2000)). In imposing sentence, trial courts have broad discretion to consider a wide range of factors about the defendant and the crime. *Halbleib v. State*, 7 P.3d 45, 47 (Wyo.), *cert. denied* 531 U.S. 968, 121 S.Ct. 404, 148 L.Ed.2d 312 (2000) (*quoting Jones v. State*, 771 P.2d 368, 371 (Wyo.1989)); *Mehring [v. State*, 860 P.2d 1101,] 1115 [(Wyo. 1993)].

*Bitz v. State*, 2003 WY 140, ¶ 7, 78 P.3d 257, 259 (Wyo.2003). "The abuse-of-discretion standard of review reaches the question of the reasonableness of the trial court's choice." *Martinez v. State*, 2002 WY 10, ¶ 7, 39 P.3d 394, 396 (Wyo.2002). It is an abuse of discretion for a sentencing judge to premise a sentence upon a mistaken reading of the law. *Jones v. State*, 2003 WY 154, ¶ 11, 79 P.3d 1021, 1025 (Wyo.2003) (*quoting DeLoge v. State*, 2002 WY 155, ¶ 9, 55 P.3d 1233, ¶ 9 (Wyo.2002)). Furthermore, the record should "be reasonably clear with respect to the findings of the district court in its sentencing decision, in order that meaningful

appellate review can be achieved." *Id.* at ¶ 12, 79 P.3d at 1025.

## FACTS

[¶ 5] On December 12, 2002, while driving intoxicated, the appellant caused a motor vehicle accident that killed Kevin Johnson. The appellant was charged with aggravated vehicular homicide, in violation of Wyo. Stat. Ann. § 6–2–106(b) (LexisNexis 2003), which offense is a felony punishable by not more than twenty years imprisonment. At the time of the accident, the appellant was eighty-two years old.

[¶ 6] The appellant waived his right to a preliminary hearing and entered a plea of not guilty at his arraignment in district court. Subsequently, however, the appellant changed his plea to guilty pursuant to a plea agreement containing the following terms: (1) a guilty plea; (2) a joint sentencing recommendation of eight to ten years imprisonment; (3) suspension of that sentence under Wyo. Stat. Ann. § 7–13–107 (LexisNexis 2003); (4) the length of any county jail sentence to be argued by the parties; and (5) supervised probation for a period of seven years, with certain conditions: Intensive Supervision Probation, house arrest, electronic monitoring, travel restrictions, alcohol consumption restrictions, driving restrictions, and counseling.[1] The district court deferred acceptance of the plea agreement pending receipt of a presentence investigation report.

[¶ 7] At the outset of the scheduled sentencing hearing, the district court indicated that it might reject the plea agreement because it was too lenient. The parties defended the agreement as being appropriate, given the appellant's age. Nevertheless, the district court rejected the plea agreement, for the following reasons: (1) the seriousness of aggravated vehicular homicide as an offense; (2) the aggravating factors of the specific incident, including eyesight problems, excessive alcohol consumption, driving on the wrong side of the road, other near accidents, and prior offenses; and (3) the wrong mes-

sage would be sent by a lenient plea agreement. The appellant responded by withdrawing his guilty plea, and the matter was again scheduled for trial.

[¶ 8] Following the aborted sentencing hearing, the appellant filed a motion seeking reconsideration of the decision to reject the plea agreement. The appellant's attorney advised the court that "about a half a day" would be required to hear the motion. The judge responded as follows:

THE COURT: Okay. I did just take a quick look at that. I don't see it in the file here today; I think it's probably being processed. But I had a couple of impressions.

One is I don't know that the question of the Court's accepting or not accepting a plea agreement is an evidentiary matter. My understanding under the rule is that the parties can propose a plea agreement and the Court, based upon the record, the plea, and the presentence investigation can either accept or reject the plea agreement. And I attempted to do that under the rules. And so that's a concern I have I don't know that it's an evidentiary matter subject to a burden of proof or a showing as to why a judge should or should not accept a proposed plea agreement in a particular case.

The second impression I have is that I'd be glad to take a look at any error you think that I may have made, especially procedurally or with respect to the exercise of my judicial discretion. So I'd be glad to give you a hearing and an opportunity to be heard, but I have that threshold concern.

And my thought would be maybe I'd be willing to hear argument. Like I say, if I have done something improperly, I'd sure be glad to reconsider where I landed. But in cases such as this, I think the majority of district judges in the State when taking a plea will not be bound by plea agreements and especially in matters that may

---

1. Wyo. Stat. Ann. § 7–13–107 is known as the "split sentencing" statute. It allows for convicted felons to be incarcerated in county jails, rather than in prison. Intensive Supervision Proba-

tion is a specialized statutory program allowing for community release under close supervision. *See* Wyo. Stat. Ann. § 7–13–1101, *et seq.* (LexisNexis 2003).

have sensitivities and difficulties such as this case.

And my very strong impression was that I did not like the limitations imposed upon me as to the sentencing options in this case, the limited suspended sentence that was proposed. There was question in my mind as to whether any restitution would be required. There was no fine. I mentioned at the hearing the Court cannot order Intensive Supervised Probation based upon feedback I received from Probation and Parole. Those limitations alone cause me some significant concern as to the plea agreement.

So with those things said, why don't you submit your request for a setting, and then I'll take a look at it. And I don't know if we can give you half a day. And like I say, I don't think it's an evidentiary matter, but I'd sure want to give you an opportunity to be heard on it; okay? Just submit a request for setting with what time you think is necessary.

[¶ 9] Following up on the judge's suggestion, the appellant filed a written request for a three-hour hearing. The district court's Notice of Setting, however, granted only a fifteen-minute hearing. At the hearing, the appellant argued that, given the opportunity to present evidence in support of the plea agreement, he would have produced witnesses, including the probation and parole agent who prepared the presentence investigation report and the appellant's counselor, both of whom supported the agreement. The district court once again denied the appellant's request, on the ground that W.R.Cr.P. 11 leaves the matter of accepting or rejecting a plea agreement to the discretion of the trial court, and does not contemplate an evidentiary hearing. The district court then denied the motion for reconsideration.

[¶ 10] Less than two months after the motion for reconsideration was heard and denied, the appellant filed a request for another change-of-plea hearing. On February 4, 2004, he entered a "cold plea" of guilty to

the charged offense.[2] The district court accepted the plea and went directly to sentencing, at the request of the parties. Relying primarily on the presentence investigation report and the victim impact statements and letters already submitted, the State called only the victim's wife as a witness. The State then recommended a sentence of incarceration for a period of 24 to 120 months.

[¶ 11] The appellant called two witnesses: the probation and parole agent who prepared the presentence investigation report and the administrator of the assisted living facility where the appellant was residing. In argument, the appellant addressed concerns the district court had made known in rejecting the plea agreement, including restitution, a fine, and the Intensive Supervision Program. The appellant then recommended suspension of a five to fifteen year sentence of incarceration, with ten years of supervised probation.

[¶ 12] The district court sentenced the appellant to the custody of the Wyoming Department of Corrections for incarceration for a period of not less than thirty-six months and not more than seventy-two months. In doing so, the district court considered the totality of the circumstances, the specific "sentencing criteria" of deterrence and rehabilitation, the message leniency would send to the community, sentencing in comparable cases, and the aggravating factors the district court had mentioned in rejecting the plea agreement (excessive alcohol consumption, driving on the wrong side of the road, other near accidents, and a prior conviction for driving under the influence). The district court rejected probation with the following comments:

> And the big factor and the one I mentioned when I rejected the plea agreement in this case is that basically a suspended sentence and a term of probation would send the wrong message to others that may want to drink and drive.
>
> . . .
>
> . . . But I don't think the message can be sent to the public that there can be an

---

2. A "cold plea" means there was no plea agreement, and the plea was not "conditional" because the appellant did not reserve the right to appeal adverse pretrial rulings. *See* W.R.Cr.P. 11(a)(2).

aggravated homicide by vehicle with a .15 blood alcohol, going on the wrong side of the road, and not have a sentence of imprisonment imposed.

# DISCUSSION

## *Waiver of Issues by Guilty Plea*

[¶ 13]   The State contends that, by entering a "cold plea" of guilty at the second change-of-plea hearing, the appellant waived his right to appeal matters that arose prior to entry of that plea.   The law in that regard is as follows:

A guilty plea prohibits appellate review of all but a few defenses. *Ochoa v. State,* 848 P.2d 1359, 1361–62 (Wyo.1993); *Sword v. State,* 746 P.2d 423, 425 (Wyo.1987).

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

*Davila v. State,* 831 P.2d 204, 206 (Wyo. 1992) (*quoting Zanetti v. State,* 783 P.2d 134, 138 (Wyo.1989) and *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)).

A guilty plea waives non-jurisdictional defenses. *Ochoa,* 848 P.2d at 1361; *Davila,* 831 P.2d at 205; *Sword,* 746 P.2d at 425.   In *Davila,* 831 P.2d at 205–06, we set forth the difference between jurisdictional and non-jurisdictional defenses.   Jurisdictional defenses involve the state's power to bring the defendant into court; non-jurisdictional defenses are those " 'objections and defenses which would not prevent a trial.' " *Id.* (*quoting Sword,* 746 P.2d at 426).   Constitutional challenges to pretrial proceedings, including speedy trial violations, are non-jurisdictional defenses. *Ochoa,* 848 P.2d at 1362; *Davila,* 831 P.2d at 206; *Sword,* 746 P.2d at 425. *See also United States v. Yunis,* 723 F.2d 795, 796 (11th Cir.1984) and *Smith v. United States,* 677 F.2d 39, 40 (8th Cir.1982).

*Smith v. State,* 871 P.2d 186, 188 (Wyo.1994). *See also Kitzke v. State,* 2002 WY 147, ¶ 8, 55 P.3d 696, 699 (Wyo.2002).

[¶ 14]   We agree with the State that entry of the appellant's second guilty plea acted as a waiver of his right to appeal the district court's rejection of the earlier plea agreement, and of his right to appeal the limitation of the reconsideration hearing to fifteen minutes.   Preliminarily, we note that the appellant has made no suggestion that the second plea was anything but voluntary, and the record substantiates that conclusion.   Further, the appellant has not contended that the district court's discretionary decisions concerning the plea agreement were jurisdictional in nature.   Indeed, the appellant did not even respond to the State's waiver argument.

## *Refusal to Consider Probation*

[¶ 15]   The district court's decision whether or not to grant probation in any given case is discretionary, and our review, therefore, is for the abuse of that discretion. *Trujillo v. State,* 2002 WY 56, ¶ 6, 44 P.3d 943, 945 (Wyo.2002) (*quoting Mower v. State,* 750 P.2d 679, 680 (Wyo.1988)).   While the district court is not obligated to grant probation, it must consider an application for probation and, if such is not granted, include a statement in the written sentence expressly acknowledging that it considered the application. *Martinez,* 2002 WY 10, ¶ 10, 39 P.3d at 396; W.R.Cr.P. 32(c)(2)(D).

In making a determination as to whether probation is appropriate, the sentencing judge has discretion to frame and consider, in a reasonable manner, the relevant inquiries with respect to the recognized purposes for imposing sentence. *Robinson v. State,* 678 P.2d 374 (Wyo.1984).   The societal need for retribution is a relevant consideration in the imposition of punishment. *Kavanaugh* [*v. State* ], 769 P.2d [908], 915 [ (Wyo.1989) ]. Another appropriate consideration is whether the imposition of a penitentiary sentence would serve to deter others from committing similar crimes. *Volz v. State,* 707 P.2d 179 (Wyo.1985).   It is appropriate to impose a sentence of imprisonment if probation would unduly de-

preciate the seriousness of the charged offense. *Volz*, 707 P.2d at 183.

*Whitfield v. State*, 781 P.2d 913, 916 (Wyo. 1989).

[¶ 16] The appellant contends that the district court's refusal even to consider probation was evidenced by statements it made in rejecting the plea agreement, and by the following statement it made during the second sentencing hearing: "But I don't think the message can be sent to the public that there can be an aggravated homicide by vehicle with a .15 blood alcohol, going on the wrong side of the road, and not have a sentence of imprisonment imposed."

[¶ 17] We will affirm the district court on this issue because we believe the appellant has mistaken that court's refusal to **grant** probation for a refusal to **consider** it. The district court's rationale for rejecting the plea agreement—the central focus of which was probation—was very similar to its later rationale for incarcerating the appellant. In both instances, the district court stated that, under the totality of the circumstances (high blood alcohol content, driving on the wrong side of the road, other near accidents, and a prior D.W.U.I.), probation would send the wrong message to the public.

[¶ 18] Even taken out of context, the above-quoted statement of the district court does not say, "I would never grant probation in an aggravated vehicular homicide case." In context, the statement is simply one of many giving the court's reasoning for not granting probation in this case. In fact, the transcripts from the two hearings reveal the district court's struggle in deciding between "leniency"—meaning probation—and the "right" message. The facts of this case resemble those in which we previously have found a sufficient consideration of probation:

> This court has stated that no particular amount of consideration of probation is required as long as the record reveals the district court did consider it. *Beaulieu v.*

*State*, 608 P.2d 275, 275 (Wyo.1980); *see also Volz v. State*, 707 P.2d 179, 182–83 (Wyo.1985). We applied this rationale in *Beaulieu* and held that, because a probation plan appeared in the presentence report and the defendant requested probation at the sentencing hearing, sufficient evidence existed in the record to support the conclusion that the district court considered probation. 608 P.2d at 275. Similarly, in *Burk* [*v. State*, 848 P.2d 225 (Wyo. 1993) ], we found sufficient proof that the district court had considered probation when it imposed sentences in two cases against the defendant. 848 P.2d at 236. In the first case, the defense counsel argued for leniency and mentioned that other persons involved in the defendant's case had received probation. *Id.* In the second case, the defense counsel asked for leniency, the defendant's parents requested that the court grant probation, and the presentence investigation report addressed the issue of probation. *Id.*

*Martinez*, 2002 WY 10, ¶ 11, 39 P.3d at 396. Similarly, the record in the instant case clearly shows that the specific issue being addressed by the parties and the district court was whether or not to grant probation to the appellant.[3] The appellant's accusation that the statement in the Judgment and Sentence that probation had been considered was "no more than lip service" has no basis in fact. Furthermore, we previously have "recognized that other facts may be even more persuasive than a mere recitation that probation was considered." *Volz v. State*, 707 P.2d 179, 182 (Wyo.1985).

### *Article 1, § 15 of the Wyoming Constitution*

[¶ 19] Article 1, § 15 of the Wyoming Constitution provides as follows: "The penal code shall be framed on the humane principles of reformation and prevention." The appellant contends that his sentence of-

---

3. Although the appellant's position is that the district court refused even to consider probation, he has presented his arguments in the context of an abuse of discretion. Technically, there is no discretion in deciding whether or not to **consider** probation in a case such as this; the exercise of discretion occurs in deciding whether or not to **grant** probation. Failure or refusal even to consider probation would be an error of law. Because we have determined that the district court did, in fact, consider probation, we need not address the fact of a failure or refusal to do so under either standard.

fends this constitutional provision because, although setting a sentence to set an example as a preventative measure may be appropriate, it is not appropriate in this case because, due to his age and medical condition, he will be unable to be incarcerated for an extended period of time. In other words, the deterrent effect of incarceration would be lost because the Department of Corrections would necessarily remove the appellant from the penitentiary and house him in some less restrictive facility. Further, the appellant opines that an equivalent deterrent effect would be produced by incarceration in the county jail under a split sentence.

[¶ 20] We will affirm the district court on this issue because the appellant's contentions fall far short of identifying an unconstitutional sentence.

[Article 1, § 15 of the Wyoming Constitution] is not so narrowly drawn that we would be justified in concluding that the only factors which the court may consider in the imposition of sentence are prevention and rehabilitation. The provision speaks to the penal code, not to sentencing, and we are unable to detect any intent on the part of the Constitutional Convention to so limit the discretion of sentencing judges in criminal cases.

*Jahnke v. State*, 692 P.2d 911, 930 (Wyo. 1984). Rather, sentencing discretion is exercised within the following framework:

It is generally recognized that sentence imposition involves consideration of two broad categories: (1) the crime and its circumstances, and (2) the character of the criminal.

. . .

And the purpose of the sentence enters into the application of both of the two broad categories considered in imposing a sentence. Although sometimes denominated otherwise, it is generally recognized that a sentence is imposed for *one or more* of four purposes: (1) rehabilitation, (2) punishment (specific deterrence and retribution), (3) example to others (general deterrence), and (4) removal from society (incapacitation or protection of the public).

*Wright v. State*, 670 P.2d 1090, 1092–93 (Wyo.1983) (footnote omitted).

[¶ 21] Analyzed within this legal context, the appellant's contentions fail for several reasons. To begin with, the appellant's assertion that the district court's general deterrence purpose will be thwarted by a truncated sentence is speculative. Furthermore, the legitimacy of a criminal sentence's purpose is tested when that sentence is imposed; it does not depend upon its success. A sentence imposed for the purpose of general deterrence does not become unconstitutional in the event that it fails to serve that purpose.

[¶ 22] The record also reveals that the district court imposed a prison sentence because of the retribution aspect of punishment, and so as not to depreciate the seriousness of aggravated homicide by vehicle, particularly under the circumstances of this case. It is safe to say that, were it not for the appellant's advanced age, the prison sentence would have been much longer. In looking at both "broad categories"—the crime and the criminal—the district court balanced all the factors by imposing a relatively short prison sentence. That is the epitome of the reasonable exercise of discretion, rather than its abuse.

### Sentencing the Appellant to Prison

[¶ 23] Although identified separately, this issue is treated in the appellant's brief as being merely the "flip side of the coin." That is, the appellant alleges that, by rejecting the plea agreement, by refusing to consider probation, and by violating Article 1, § 15 of the Wyoming Constitution, the district court abused its discretion in sentencing him to prison. That allegation requires no additional analysis because the very rationale and thought process that resulted in rejecting the plea agreement and denying probation resulted in the prison sentence. Permeating all of those arguments, of course, is the suggestion that the mere act of sentencing an eighty-three-year-old man to prison, in and of itself, is an abuse of discretion. However, we have thoroughly reviewed the record, including the presentence investigation report and the transcripts from the vari-

ous hearings, and we simply cannot say that the judgment of the district court in that regard was unreasonable.

## CONCLUSION

[¶ 24]   By pleading guilty to the charged offense, the appellant waived his right to appeal the district court's rejection of the earlier plea agreement · and the district court's time limitation for the reconsideration hearing.   The district court did not abuse its discretion in denying probation to the appellant or by sentencing the appellant to prison. Neither did the district court abuse its discretion or violate the appellant's rights under Article 1, § 15 of the Wyoming Constitution.

[¶ 25]   We affirm.