2006 WY 71

**John Edward MONJARAS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–147.

Supreme Court of Wyoming.

June 8, 2006.

Representing Appellant: Ronald G. Pretty, Cheyenne, Wyoming.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Eric A. Johnson, Director, Jonathan Haidsiak, Student Director, and Nathan Wilson, Student Intern, of the Prosecution Assistance Program. Argument by Mr. Johnson.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, JJ., and KAUTZ, D.J.

GOLDEN, Justice.

[¶ 1] John Monjaras pled guilty to two counts of third-degree sexual assault and was sentenced to concurrent terms of imprisonment of four to five years. Monjaras now appeals, claiming that the district court abused its discretion by imposing a prison sentence instead of probation. We affirm.

## ISSUE

[¶ 2] Monjaras presents the following issue for our review:

Did the court abuse its discretion when it sentenced Appellant to prison[?]

## FACTS

[¶ 3] In the Spring of 2004, A.M., who was then forty-four years old, reported to the Cheyenne Police Department that she had been sexually abused by her sixth-grade teacher, John Monjaras. According to A.M., Monjaras first engaged her in sexual intercourse when she was twelve years old. The sexual abuse occurred while A.M. was baby-sitting for Monjaras' infant daughter and continued for a period of time until A.M. discontinued contact with Monjaras. A.M. reported that Monjaras also had sexually abused another student, R.W., during the same time period and that R.W. had become pregnant as a result of the abuse.

[¶ 4] R.W. confirmed that Monjaras had engaged in sexual intercourse with her starting in approximately June of 1973, when she was twelve years old. As with A.M., the sexual abuse occurred while R.W. was baby-sitting Monjaras' daughter. R.W. eventually became pregnant with Monjaras' child at the age of thirteen and gave birth in August of 1975.[1] When questioned by police, Monjaras acknowledged his sexual relationship with R.W. but denied having any type of sexual relationship with A.M.

[¶ 5] On May 25, 2004, the State charged Monjaras with four counts of third-degree sexual assault against A.M. and two counts of third-degree sexual assault against R.W., in violation of Wyo. Stat. Ann. § 6-2-304(a)(i) (LexisNexis 2003).[2] Pursuant to a plea agreement, Monjaras pled guilty to one count of third-degree sexual assault involving A.M. and one count of third-degree sexual assault involving R.W. In providing a factual basis for his pleas, Monjaras admitted to having sexual intercourse with A.M. and R.W., whom he claimed were fourteen years of age at the time. In exchange for Monjaras' guilty pleas, the State dismissed the remaining counts and agreed to remain silent with respect to sentencing.

[¶ 6] Prior to sentencing, the district court received a Presentence Investigation Report (PSI) from the Department of Corrections and a document entitled "Defendants Filings in Aid of the Court." The latter document disputed A.M.'s allegations regarding his criminal conduct and included

---

1. Monjaras married R.W. in 1977. The marriage ended in divorce in 1991.

2. Wyo. Stat. Ann. § 6-2-304(a)(i) provides:

   (a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:

   (i) The actor is at least four (4) years older than the victim and inflicts sexual intrusion on a victim under the age of sixteen (16) years[.]

   Monjaras has never challenged the State's decision to charge him under § 6-2-304(a)(i) rather than the statute in effect at the time he committed the crimes, Wyo. Stat. § 6-63(B) (Michie 1975 Cum. Supp.).

numerous letters and petitions supporting Monjaras and urging leniency in sentencing. Monjaras appeared before the district court for sentencing on March 24, 2005. The district court noted it had received the PSI and provided Monjaras an opportunity to comment on the report. The district court heard statements from Monjaras, his children and numerous friends, arguments by defense counsel in mitigation of sentencing, and entertained a statement by the victim, A.M.

[¶ 7] At the conclusion of the hearing, and without comment, the district court sentenced Monjaras to a prison term of four to five years on each count, with the two sentences to run concurrently. The court entered a written judgment and sentence confirming its oral pronouncement. The judgment and sentence expressly states that "probation is inappropriate," but contains no further indication as to how the district court arrived at its sentencing decision. This appeal followed.

## STANDARD OF REVIEW

[¶ 8] Sentencing decisions are within the broad discretion of the trial court. This Court will not set aside a sentence that is within the statutory limits absent a finding of a clear abuse of discretion. *Watters v. State*, 2004 WY 155, ¶ 32, 101 P.3d 908, 920 (Wyo.2004); *Sampsell v. State*, 2001 WY 12, ¶ 6, 17 P.3d 724, 726 (Wyo.2001). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Martinez v. State*, 2002 WY 10, ¶ 7, 39 P.3d 394, 396 (Wyo.2002). Under the abuse-of-discretion standard of review, our core inquiry is the reasonableness of the trial court's choice. *Id.*

## DISCUSSION

[¶ 9] Monjaras attacks his sentences from various angles. Primarily, Monjaras presents a global complaint concerning the district court's failure to provide an explanation for the sentences it imposed. He claims that this failure by the district court has prejudicially inhibited his ability to obtain meaningful appellate review of the reasonableness of the court's sentencing decision. Apparently conceding that the current state of the law does not require a trial court to render specific findings in sentencing matters, Monjaras declares that, as a matter of policy, this Court should direct trial courts to enter into the record the reasons supporting the sentences imposed or face an automatic reversal of their sentencing decisions. Monjaras, predictably, wants this Court to apply this new policy to the instant appeal, effectively granting him a new sentencing hearing. Monjaras, however, supports his policy argument with nothing more than his personal preference. Unfortunately for Monjaras, such an argument is wholly insufficient to persuade this Court to alter its longstanding precedent.

[¶ 10] Monjaras also presents more specific complaints regarding his sentences. He claims that the district court did not adequately consider the possibility of a probationary sentence. Although Monjaras acknowledges that the district court, in its written judgment, stated that "the Court finds that probation is inappropriate," [3] he points to the absence of specific findings as evidence that the court did not consider probation in determining an appropriate sentencing disposition.

[¶ 11] The decision whether or not to grant probation is discretionary. *Trujillo v. State*, 2002 WY 56, ¶ 6, 44 P.3d 943, 945 (Wyo.2002). While the trial court is not obligated to grant probation to a criminal defendant, it must consider an application for probation and, if such is not granted, include a statement in the written sentence expressly acknowledging that it considered the application. *Martinez*, ¶ 10, 39 P.3d at 396; W.R.Cr.P. 32(c)(2)(D). We have stated that no particular amount of consideration of probation is required as long as the record discloses that the court considered it, howev-

---

**3.** This statement has since been lined out in the written judgment and sentence. We cannot discern when it was done or by whom. Because the parties have not made an issue of the lineout, neither will we.

er slightly. *Beaulieu v. State*, 608 P.2d 275 (Wyo.1980); *see also Martinez*, ¶ 11, 39 P.3d at 396; *Volz v. State*, 707 P.2d 179, 183 (Wyo.1985).

[¶ 12] After reviewing the record in this case, we are convinced that the district court considered and rejected the option of placing Monjaras on probation. The PSI discussed probation as a sentencing option and provided a detailed probation plan. Although the PSI did not include an explicit recommendation as to whether or not probation was appropriate, it cited Monjaras' stable residence and steady income as indicators that Monjaras was appropriately situated for a probationary sentence. The PSI contained twenty-one conditions which the PSI's author considered necessary in the event the district court granted probation.

[¶ 13] The issue of probation was also brought to the attention of the district court by witnesses who testified on Monjaras' behalf at the sentencing hearing and through Monjaras' statements and defense counsel's argument in mitigation of sentencing. The record also contains letters of support and a twenty-four-page petition in which friends of Monjaras advocated for a sentence of probation. On the other hand, A.M. urged the court, in both her oral and written statements, not to impose a probationary sentence. The facts of this case resemble those in which we have previously found a sufficient consideration of probation. *See Martinez*, ¶¶ 12–15, 39 P.3d at 396–97 (finding that trial court considered probation where defendant's family members urged the probation officer to recommend probation and testified that they would suffer financially if defendant sent to prison); *Burk v. State*, 848 P.2d 225, 236 (Wyo.1993) (arguments at sentencing about suitability of probation demonstrated that probation had been considered); *Beaulieu*, 608 P.2d at 275–76 (fact that probation was requested and presentence investigation report contained probation plan leads to no other conclusion that trial court considered probation). We have no trouble concluding in this case that the issue of probation was squarely before the district court, and the court considered and rejected that sentencing option.

■ [¶ 14] Monjaras also takes issue with the concurrent four-to-five-year prison sentences imposed by the district court. Monjaras contends that the prison sentences are unreasonable given the age of the crimes, the lack of a prior criminal history and his exemplary behavior and community service over the last thirty years. We disagree. After reviewing the record, we find that the sentences are remarkably lenient.

■ [¶ 15] When assessing the reasonableness of a sentence, consideration must be given to the crime, its attendant circumstances and the character of the defendant. *Watters*, ¶ 33, 101 P.3d at 921; *Volz*, 707 P.2d at 184. When Monjaras pled guilty, he admitted to engaging in a sexual relationship with two fourteen-year-old girls. Monjaras used his position as a teacher to establish a trusting relationship with the girls and then used that relationship to sexually abuse them. His surreptitious exploitation of these girls is reprehensible. The fact that he escaped detection for over thirty years does not diminish in any way his heinous criminal conduct.

[¶ 16] Each offense upon which Monjaras was convicted, third degree sexual assault, provides for a maximum prison term of fifteen years. Wyo. Stat. Ann. § 6–2–306(a)(iii) (LexisNexis 2003). Consequently, being convicted on two counts, Monjaras faced a possible maximum prison sentence of thirty years.[4] The concurrent four-to-five-year sentences received by Monjaras are obviously on the low end of the spectrum. It is obvious to this Court that, in imposing the sentences, the district court did take into account Monjaras' particular mitigating circumstances, including the letters, petitions and statements presented on his behalf. Therefore, not only do Monjaras' protestations fall on deaf ears, we are incredulous that Monjaras is even challenging his sentences in light of the egregious nature of his

---

4. The statute in effect when Monjaras committed the crimes, Wyo. Stat. § 6–63(B) (Michie 1975 Cum.Supp.), provided for a maximum prison sentence of fifty years on each count, for a total potential penalty of one hundred years.

crimes. Under the circumstances, we will not disturb the sentences imposed by the district court.

The sentences are extremely reasonable given the facts of this case. Affirmed.

## CONCLUSION

[¶ 17] The district court did not abuse its discretion in sentencing Monjaras to prison.