2012 WY 3

**Paul Marino CASTILLO, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0157.**

Supreme Court of Wyoming.

Jan. 5, 2012.

---

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Prosecution Assistance Program, Joshua B. Taylor, Student Director, and Benjamin J. Sherman, Student Intern.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]   This is an appeal from a district court order reimposing sentence after the appellant's probation was revoked. Finding no abuse of discretion, we affirm.

## ISSUE

[¶ 2]   Did the district court abuse its discretion in reimposing sentence upon revocation of the appellant's probation?

## FACTS

[¶ 3]   The appellant was charged with three felony counts of interference with a peace officer. He pled not guilty to all three counts at arraignment. Subsequently, however, he entered into a plea agreement whereby two counts were dismissed, he pled guilty to the third count, and the State agreed to recommend suspension of incarceration in favor of supervised probation. After receiving a Presentence Investigation Report, the district court held a sentencing hearing, at the end of which it sentenced the appellant to the custody of the Department of Corrections for incarceration for a period of not less than three years nor more than six years. The prison sentence was suspended pursuant to the split sentencing provision of Wyo. Stat. Ann. § 7–13–107 (LexisNexis 2011), and the appellant was ordered to serve 180 days in the county jail, to be followed by four years of supervised probation.

[¶ 4]   After the appellant served his jail sentence, and after he had been on supervised probation for some time, the State filed a Petition for Revocation of Probation. The petition recited five alleged probation violations, four involving alcohol consumption and

one based upon a larceny conviction. During a hearing on the petition, the appellant admitted the violations. The district court heard from the appellant and counsel, and then reimposed the original sentence, giving credit for time served.

### STANDARD OF REVIEW

■ [¶ 5] We apply the following standard in reviewing a district court's determination to revoke probation and to reimpose an original sentence:

The imposition as well as the revocation of probation lies within the sound discretion of the district court, and we will not reverse the actions of the district court unless that discretion is abused. Therefore, the decision of a court to revoke probation and deny a sentence reduction motion in reimposing an original sentence is entitled to considerable deference by an appellate court. We will not reverse the actions of the district court in sentence reduction, probation revocation, and sentence imposition cases unless there is a clear abuse of discretion. Upon review, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated.

*Trujillo v. State*, 2002 WY 56, ¶ 6, 44 P.3d 943, 945 (Wyo.2002) (internal citations and quotation marks omitted). Where, as here, the question is not whether probation should be revoked, but whether the original sentence should be reimposed, we take the following approach:

The second portion of the proceeding, the dispositional phase, determines whether, in light of a proven violation, probation should be revoked. *Gailey v. State*, 882 P.2d 888, 891–92 (Wyo.1994). This portion of the proceeding excludes the rules of evidence, and while general due process protections continue to attach during this phase, "[t]he sufficiency of the evidence to sustain an order revoking probation is a matter within the sound discretion of the trial court." *Id.*, at 892 (citation omitted). A conscientious judgment after hearing the facts is adequate.

*Howard v. State*, 2011 WY 43, ¶ 12, 249 P.3d 230, 233 (Wyo.2011).

### DISCUSSION

■ [¶ 6] In the "Argument" section of his appellate brief, the appellant notes that probation revocation proceedings are governed by W.R.Cr.P. 39, but he does not suggest that any provisions of that rule were violated in this instance. Further, he does not cite to a single case or other authority in which the procedures followed by the district court in this case have been identified as being defective. The gist of his appellate argument can be summed up in these two sentences from his brief:

It is Mr. Castillo's belief that the district court abused its discretion when it refused to place him on ISP (Intensive Supervised Probation) following his admission of the allegations contained in the petition....

... By not giving full consideration to placement on ISP, it is Mr. Castillo's position that the trial court abused its discretion when it imposed the term of incarceration.

[¶ 7] We will affirm because the record reflects the district court's exercise of "conscientious judgment" in rejecting placement of the appellant in ISP. During the dispositional phase of the revocation hearing, the district court allowed the appellant to voice, at length, his desire for probation, his desire for alcohol treatment, and his intent to "stay out of trouble." Next, he listened to defense counsel's plea that the appellant be returned to supervised probation, with inpatient or outpatient alcohol treatment. The probation agent told the court that positions were available in the local ISP program. The prosecutor opposed ISP on the ground that the appellant's present arguments were the same arguments he made to the court when he was first sentenced, and that experience revealed that the appellant only seemed to be aware of his problems when he was incarcerated. The district court then reviewed the promises the appellant made when he was first given the split sentence, noted the probationary violations, which included a criminal conviction, and concluded as follows:

ISP is not an option, as far as I'm concerned. I see no point in wasting the State's time and resources on a probationary situation that you and I both know is not going to succeed and you will be back here again. So [it is] time to go get it over with.

Finally, in showing that it had considered the appellant's contention that alcohol abuse played a role in his societal failures, the district court added to the reimposition of sentence a recommendation that the appellant be allowed to participate in the penitentiary's Intensive Treatment Unit.

## CONCLUSION

[¶ 8] After admitting five separate violations of his probationary conditions, the appellant wanted the district court to return him to supervised probation, in the ISP program. In rejecting that request, the district court exercised its conscientious judgment by considering the factual and procedural history of the case, by considering the probation violations, by comparing the appellant's present situation with his situation when he was first sentenced, and by listening to the ISP recommendation. Finding no abuse of discretion, we affirm.